IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AVEN HENRY COTTON, #177306, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:20-CV-557-RAH-CSC ) |
| NATHANIAL LAWSON, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Aven Henry Cotton filed this *pro se* 42 U.S.C. § 1983 action. *See* Doc. 1. Thereafter, Plaintiff filed an Amended Complaint (Doc. 11), which became the operative pleading in this action, and an amendment thereto (Doc. 28). The Amended Complaint names Nathaniel Lawson, Walter Myers, Mitchell Borders, and Sharon Blakely as defendants, all of whom were employed at Easterling Correctional Facility at the time of the alleged events. Doc. 11 at 1, 2; *see also* Doc. 29 at 1. It alleges that, in September 2019 and February 2020, Defendants Lawson, Myers, "and/or others" opened Plaintiff's legal mail and "removed and/or destroyed" his Application for Rehearing, thus preventing it from reaching the Alabama Court of Criminal Appeals; Defendants Blakely "and/or" Lawson "and possible others" did not forward Plaintiff's legal mail to another facility when Plaintiff was transferred; Defendants Borders and Lawson delayed passing out Plaintiff's legal mail for several days; and Defendant Lawson "and other prison officials" denied

Plaintiff legal materials for weeks. *Id*. at 3, 5. Although the Amended Complaint does not explicitly assert a legal claim, the Court interprets Plaintiff's allegations as attempting to state an access to the courts claim under the First and Fourteenth Amendments.[1] As relief, he seeks "the relief this Court deem proper." *Id*. at 6.

On September 9, 2020, the Court issued an Order directing Defendants to file a Special Report addressing Plaintiff's claims (Doc. 12), which Defendants did on January 6, 2021 (Doc. 29) along with supporting evidentiary materials (Docs. 29-1 through 29-7). Also on January 6, 2021, the Court issued another Order directing Plaintiff to file a response to Defendants' filings with affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 30. Plaintiff filed two responsive documents (Docs. 34, 35) as well as his own evidentiary materials (Docs. 34-1, 35-1). In its January 6 Order, the Court notified the parties that, absent any objections, it may thereafter treat Defendants' Report and Plaintiff's response as a motion for summary judgment and response. Doc. 30 at 3. No objections were filed. Thus, the undersigned will now construe the Special Report as a motion for summary judgment and, for the reasons set forth below, RECOMMEND that judgment be GRANTED in favor of Defendants.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for "summary judgment if the movant shows that there is no genuine issue as to

---

[1] *See Cranford v. Nevada Dep't of Corr.*, 398 F. App'x 540, 546 (11th Cir. 2010) ("Access to the courts is a constitutional right that is grounded in several constitutional amendments, including the First Amendment and the Fourteenth Amendment.") (citing *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) and *Barbour v. Haley*, 471 F.3d 1222, 1224 n. 2 (11th Cir. 2006) (noting that prisoners' claim that they had been denied meaningful access to the courts implicated both the First and Fourteenth Amendments)).

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248). "An issue is 'material' if it might affect the outcome of the case under the governing law." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23.

Once the movant has satisfied this burden, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In doing so, and to avoid summary judgment, the nonmovant "must do

3

more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

If the nonmovant "fails to properly address another party's assertion of fact as required by Rule 56(c)," then the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

"In reviewing whether the nonmoving party has met its burden, the [C]ourt must stop short of weighing the evidence and making credibility determinations of the truth of the matter." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998–99 (11th Cir. 1992) (citation omitted). "Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 999 (citations and internal quotations omitted). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough

4

of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson*, 477 U.S. at 249–50 ("If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

### III.   RELEVANT FACTS[2]

The following facts derive from Plaintiff's verified Amended Complaint (Doc. 11) and amendment thereto (Doc. 28); the sworn or verified evidentiary materials proffered by Defendants (Docs. 29-1 through 29-7); and Plaintiff's verified responses (Docs. 34, 35).

Plaintiff avers that Defendants Lawson, Myers, "and/or others arbitrarily open envelope properly addressed to Alabama Court of Criminal Appeals . . . and removed and/or destroyed [Plaintiff's] Application for Rehearing[,] thus preventing this necessary legal document from arriving in the Court of Criminal Appeals." Doc. 11 at 2. Specifically, on or around October 31, 2019, he gave his Application for Rehearing to an unidentified correctional officer, who told Plaintiff he would place it in the large mailbox in the lobby. Doc. 28 at 1. Defendant Lawson is the Mailroom Supervisor. *Id*. at 2. On or about November 6, 2019, Defendant Myers stated to Plaintiff, "You can forget your appeal and do your time." Docs. 11 at 4; 28 at 2. A "couple days later," Plaintiff received a Certificate of Judgment (Doc. 11-1), rather than a ruling on his Application for Rehearing, from the Court of Criminal Appeals. Doc. 11 at 4.

---

[2] The "facts" set forth herein are merely for purposes of resolving summary judgment and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) ("[W]hat we state as 'facts' … for purposes of reviewing the rulings on the summary judgment motion [] may not be the actual facts.").

Thus, Plaintiff believes Defendant Myers knew the Application never left the prison and this is proof that Defendant Lawson "was tampering with [Plaintiff's] mail[] for no reason." *Id*. However, Plaintiff claims that "only Myers and Lawson can say which one open [his] legal mail and stopped the Application for Rehearing from reaching the Court of Criminal Appeals." Doc. 28 at 2. Alternatively, Plaintiff speculates that perhaps Judge Mary Windom, with the Court of Criminal Appeals, destroyed his Application. Doc. 34 at 5. Because the Application did not reach the Court—or, alternatively, was destroyed after it arrived—Plaintiff was unable to seek certiorari review. Doc. 28 at 2–3, 4.

Next, Plaintiff avers that Defendants Blakely "and/or" Lawson "and possible others did hold and not forward [Plaintiff's] legal mail" and instead "returned [it] to the Clerk's Office." Doc. 11 at 3. Specifically, on February 5, 2020, the Circuit Clerk of Washington County, Alabama sent legal mail to Plaintiff at his last known address, Easterling. Docs. 11-4; 28 at 7. However, Plaintiff was transferred to Bibb Correctional Facility on February 6, 2020. Doc. 28 at 3. Plaintiff's mail was returned to the Circuit Clerk from Easterling on or around February 28, 2020, at which time the Circuit Clerk sent the mail to Plaintiff at Bibb. Docs. 11-4; 28 at 7.

Finally, Defendants Borders and Lawson "d[e]liberately delay[ed] in passing out legal mail . . . from 3 to 10 days" when Plaintiff was confined in the Residential Housing Unit (Doc. 11 at 3), and Defendant Lawson "denied the law library clerks up to 5 to 6 weeks straight to deliver legal material to [Plaintiff]" (*Id*. at 5).

## IV.     DISCUSSION

### a.     To the extent Plaintiff seeks monetary damages from Defendants in their official capacities, Defendants are entitled to sovereign immunity.

Official capacity suits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a state employee may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). The Eleventh Circuit has specifically recognized that "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Accordingly, to the extent Plaintiff seeks monetary damages from Defendants in their official capacities, Defendants are entitled to sovereign immunity.[3] *See, e.g., Selensky v. Alabama*, 619 F. App'x 846, 849 (11th Cir. 2015); *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277–78 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from a state official sued in his official capacity).

---

[3] Additionally, "neither a State nor its officials acting in their official capacities are 'persons' [subject to suit] under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Carr*, 916 F.2d at 1525 n. 3 ("[S]tate officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. § 1983.").

### b. To the extent Plaintiff seeks monetary damages from Defendants in their individual capacities, Defendants are entitled to qualified immunity.

Qualified immunity offers complete protection from civil damages for government officials sued in their individual capacities if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense against liability but immunity from suit, and the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (citation omitted).

To receive qualified immunity, a defendant first must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The record establishes that all Defendants were acting within the course and scope of their discretionary authority when the challenged conduct occurred. Thus, the burden shifts to Plaintiff to present evidence that Defendants are not entitled to qualified immunity. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003).

To meet this burden, Plaintiff must demonstrate that (1) Defendants committed a constitutional violation; and (2) the constitutional right Defendants violated was "clearly established." *Id.*; *see also Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right. [] In other words, existing

precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotations and citations omitted). The Court may analyze these elements "in whatever order is deemed most appropriate for the case," and a finding of qualified immunity is appropriate if sufficient evidence has not been presented as to any one of the elements. *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010), *aff'd* 566 U.S. 356 (2012) (citing *Pearson*, 555 U.S. at 241–42).

Upon consideration of this record, the undersigned finds that Plaintiff has failed to demonstrate that any Defendant committed a constitutional violation. Specifically, he has failed to establish a genuine issue of material fact as to a First or Fourteenth Amendment access to the courts claim sufficient to overcome qualified immunity or summary judgment.

"To bring an access to the courts claim, an inmate 'must show actual injury in the pursuit of specific types of *nonfrivolous* cases: direct or collateral attacks on sentences and challenges to conditions of confinement.'" *Juiffre v. Broward Sheriff's Off.*, 717 F. App'x 886, 888 (11th Cir. 2017) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)) (emphasis added). The impairment of any other "litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. "In order to show actual injury, a plaintiff must show 'deterrence, such as a denial or dismissal of a [nonfrivolous] direct appeal, habeas petition, or civil rights case that results from actions of prison officials.'" *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 850 (11th Cir. 2008) (quoting *Al–Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008)).

As an initial matter, as to Plaintiff's allegations that one or more of the Defendants failed to forward his legal mail to Bibb Correctional Facility, delayed passing out his legal mail, and withheld legal materials from him, he fails to demonstrate any injury whatsoever. He does not allege, nor is there any evidence to support, that he suffered a "'deterrence, such as a denial or dismissal of a [nonfrivolous] direct appeal, habeas petition, or civil rights case'" based on this conduct. *See Hall*, 304 F. App'x at 850 (quoting *Al–Amin*, 511 F.3d at 1332). The only injury Plaintiff alleges pertains to his Application for Rehearing in the Alabama Court of Criminal Appeals, the alleged interference of which prevented him from seeking certiorari review in either the Alabama Supreme Court or United States Supreme Court. Docs. 11 at 2–4; 28 at 2–3, 4.

Notably, Plaintiff admits that he does not know what precisely happened to his Application for Rehearing or who precisely is at fault. He theorizes that either Defendant Lawson or Myers—he does not know which—tampered with the Application and prevented it from leaving the prison *or* Judge Mary Windom of the Court of Criminal Appeals destroyed the Application after it arrived. Docs. 28 at 2; 34 at 5. This uncertainty, as well as the dearth of evidence regarding any interference with Plaintiff's Application, is fatal to Plaintiff's claim. However, even if Plaintiff had provided sufficient evidence to demonstrate that one or more of the named Defendants interfered with his Application, Plaintiff has nevertheless failed to demonstrate an actual, nonfrivolous injury resulting therefrom.

The evidence demonstrates that, on November 6, 2019, the Alabama Court of Criminal Appeals issued a Certificate of Judgment finalizing a judgment entered on

October 18, 2019 via Memorandum. Doc. 11-1. The October 18, 2019 Memorandum, which Plaintiff attaches to his Amended Complaint, provides:

> Aven H. Cotton appeals the circuit court's summary dismissal of his postconviction petition filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his November 1995 convictions for 5 counts of first-degree sexual abuse, violations of § 13A-6-66, Ala. Code 1975, and his resulting sentences as a habitual felony offender of 20 years in prison on 2 counts and 30 years in prison on 3 counts. On September 27, 1996, this Court affirmed Cotton's convictions and sentences by unpublished memorandum. *Cotton v. State* (No. CR-95-0645), 689 So. 2d 1012 (Ala. Crim. App. 1996) (table). A certificate of judgment was issued on October 15, 1996.
>
> On December 15, 2017, Cotton filed this, what appears to be at least his thirteenth, Rule 32 petition. In his petition, Cotton alleged that his sentence is illegal because, he claimed, a prior conviction used to enhance his sentence under the Habitual Felony Offender Act ("HFOA") was an "uncounseled" prior conviction. Cotton argued that his petition is not successive because this issue has not been previously decided on the merits. On March 16, 2018, the State filed a response, stating that Cotton had raised this same claim in prior petitions and requesting the circuit court to deny the petition, impose sanctions, and enjoin Cotton from filing future petitions raising the same illegal-sentence claim. On June 27, 2019, the circuit court summarily dismissed Cotton's petition. The circuit court also imposed sanctions enjoining Cotton from filing future petitions raising the same illegal-sentence claim and stated that Cotton would need to seek leave of the circuit court before filing any future petitions attacking his sentences in those cases.
>
> On appeal, Cotton contends that the circuit court erred in summarily dismissing his jurisdictional claim that his sentence was illegal. Cotton argues that the trial court improperly enhanced his sentence with a prior felony conviction where he was not represented by counsel.
>
> **Cotton has raised this claim in prior petitions and on appeal, and this Court has repeatedly held this claim to be precluded as successive pursuant to Rule 32.2(b), Ala. R. Crim. P.** See *Cotton v. State* (No. CR-14-1540), 222 So. 3d 443 (Ala. Crim. App. 2015) (table); *Cotton v. State* (No. CR-13-1168), 195 So. 3d 1079 (Ala. Crim. App. 2014) (table); *Cotton v. State* (No. CR-02-0278), 880 So. 2d 507 (Ala. Crim. App. 2003) (table). **Furthermore, this Court has previously found this claim to be without merit, noting that Cotton's own exhibit—a plea agreement for Cotton's 1981 conviction for attempted first-degree theft of property—indicates**

11

> **that he had counsel.** *See Cotton v. State* (No. CR-00-2282), 851 So. 2d 641 (Ala. Crim. App. 2001) (table).
>
> Because Cotton's claim is without merit, the circuit court did not err by summarily dismissing his Rule 32 petition. *See* Rule 32.7(d), Ala. R. Crim. P. Accordingly, the judgment of the circuit court is affirmed.

Doc. 11-3 (emphasis added).

The Alabama Rules of Criminal Procedure provide:

> If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner.

Ala. R. Crim. P. 32.2(b).

It appears clear from Plaintiff's filings that his underlying petition is procedurally barred as successive under the Alabama Rules of Criminal Procedure, and Plaintiff has proffered no allegations or evidence refuting that fact. As such, regardless of whether Plaintiff's Application for Rehearing ever made it to the appellate court, Plaintiff has failed to show actual injury in the pursuit of a nonfrivolous case. *See Cranford*, 398 F. App'x at 548–49 (affirming dismissal of access to the courts claim for failure to demonstrate an actual injury because plaintiff's underlying motion was procedurally barred as a successive habeas petition); *Hall*, 304 F. App'x at 850 ("Because [plaintiff's] motion for a rehearing, which he alleged was untimely filed because of the actions of the defendants, was discretionary and related to a motion to correct an illegal sentence that already had been considered on the merits, we find that the district court did not err in finding that he failed to allege an actual injury."); *Knox v. Walker*, No. CV 305-056, 2007 WL 601941, at *3

(S.D. Ga. Feb. 21, 2007) ("Plaintiff's third state habeas petition was successive and did not present any non-frivolous claims challenging his sentence; thus, Plaintiff has failed to establish an actual injury needed to obtain relief on his denial-of-access-to-the-court claim.").

Accordingly, Defendants are entitled to qualified immunity and their motion for summary judgment should be GRANTED as to Plaintiff's access to the courts claim.

## V.   CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that:

1. Defendants' Special Report (Doc. 29), which the Court construes as a motion for summary judgment, be GRANTED;

2. Judgment be ENTERED in favor of Defendants; and

3. This case be DISMISSED with prejudice.

It is further ORDERED that, on or before August 21, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of August, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE