IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AVEN HENRY COTTON, ) | |
| AIS # 177306, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:20-CV-557-RAH |
| v. ) | |
| ) | |
| NATHANIAL LAWSON, *et al*., ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

On August 7, 2023, the Magistrate Judge recommended that summary judgment be entered in favor of the Defendants and this case be dismissed with prejudice. On August 28, 2023, Plaintiff Aven Henry Cotton filed Objections (Doc. 57) to the Recommendation (Doc. 56) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not

object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff objects to the Magistrate Judge's reference to him seeking monetary damages. Plaintiff asserts that he is not seeking monetary damages in this action. Nonetheless, to the extent he seeks relief from his conviction or sentence, he cannot obtain such relief in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The basis for the Plaintiff's access-to-courts claim is that Judge Mary B. Windom of the Alabama Court of Criminal Appeals bribed prison officials to prevent his application for rehearing from reaching the Alabama Supreme Court and United States Supreme Court. This Court has reviewed the records in this action and agrees with the Magistrate Judge's determination that the Plaintiff failed to demonstrate actual injury.

Plaintiff also objects based on his belief that his state records are fraudulent and that his underlying state claims have merit. "It is well-settled that a prisoner in custody is barred from challenging the lawfulness of his conviction or confinement in a suit . . . under § 1983 if (1) the action, if successful, would demonstrate the invalidity of the underlying conviction or sentence; and (2) his conviction or sentence has not already been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus.'" *Heck*, 512 U.S. at 486–87.

The Court has independently reviewed the file and reviewed, *de novo*, the Objections and Recommendation. *See* 28 U.S.C. § 636(b). Accordingly, it is ORDERED as follows:

1. The Objections (Doc. 57) are OVERRULED.

2. The Recommendation (Doc. 56) is ADOPTED.

3. This case is DISMISSED with prejudice.

4. All pending motions are denied as moot.

DONE, on this the 12th day of September 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE